IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DONALD ALBERT,                           05 FEB -4 AM 9:55

    Petitioner,                         CLERK-ALBUQUERQUE

v.                                       Civ. No. 04-1318 JB/RLP

JAMES JANECKA, Warden, et al.,

    Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in the Lea County Correctional center. Pursuant to a Plea and Disposition Agreement, Answer [Doc. 14], Exhibit A, Petitioner pleaded guilty to various offenses. Judgement [sic] was entered on June 18, 1999. Exhibit B. Respondents concede exhaustion.

2.    Respondents have filed a Motion to Dismiss [Doc. 13 & 15] based on the one-year limitation period contained in The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). The time runs from, inter alia, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



3.    Petitioner did not file a direct appeal. His time for direct appeal expired 30 days from the date of Judgment on July 18, 1999. See NMRA, Rule 12-208. One year from July 18, 1999 is July 18, 2000. Petitioner's federal petition was not filed until November 22, 2004, well past the time allowed.

4.    Although § 2244(d)(2) allows the time to be tolled while petitioners seek collateral review, in the instant case such collateral review was not sought until after the one year had run in 2000. See Exhibits C (filed September 10, 2002) and D (January 29, 2004). Accordingly the petition should be denied. Petitioner two pending motions, for an evidentiary hearing and for state court records, should be denied as moot.

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Motion for Evidentiary Hearing [Doc. 3] and Motion to Require the State to Provide Petitioner and the Court with a Transcript of the Prior Proceedings [Doc. 4] be denied as moot. I recommend that Respondents' Motion to Dismiss [Doc. 13 & 15] be granted and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge